UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

DEWIGHT SPIRES,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DEWIGHT SPIRES, sues Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, and alleges:

### A. PARTIES

1. At all times material to this action, Plaintiff, DEWIGHT SPIRES, is an individual who is a citizen of the State of Florida.

2. At all times material to this accident, Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, maintained an agency known as the United States Department of Agriculture Forest Service.

## B. JURISDICTION

3. This is an action for damages in excess of Two Hundred Thousand Dollars and No Cents ($200,000.00), exclusive of interest, costs, and attorney's fees, and is brought pursuant to 28 U.S.C. 2401, the Federal Tort Claims Act, sections 1346(b) and 2671-2680, Title 28, United States Code.

4. Plaintiff, DEWIGHT SPIRES, has complied with and exhausted the administrative remedies and requirements of the Federal Claims Act. The Defendant is this case is a federal agency of the UNITED STATES DEPARTMENT OF AGRICULTURE.

## C. ALLEGED FACTS

5. Venue is proper in this Court because all of the wrongful acts occurred in this judicial district at Juniper Wayside, Marion County, Florida pursuant and 28 U.S.C. 1391(b) and 28 U.S.C. 1391(c). The UNITED STATES DEPARTMENT OF AGRICULTURE owned, possessed, controlled, maintained and managed the premises at Juniper Wayside which is located within the Ocala National Forest in Florida.

6. All conditions precedent to the bringing of this action have been performed or have been waived. (See attached notice of tort claim.) Defendant has denied this claim.

7. On or about June 28, 2020, Plaintiff, DEWIGHT SPIRES, was a business invitee on the Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE's premises at Juniper Wayside.

8. While on Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE's premises, Defendant owned Plaintiff, DEWIGHT SPIRES, as a business invitee, a duty to exercise reasonable care for the safety of Plaintiff.

### D. COUNT I – CLAIM OF DEWIGHT SPIRES
### AGAINST UNITED STATES DEPARTMENT OF AGRICULTURE

9. At the time Plaintiff, DEWIGHT SPIRES, was on Defendant's premises, a dangerous condition existed on said premises. This dangerous condition consisted of what appeared to be a cluster of rebar pieces protruding from a concealed slab of concrete beneath the water, approximately ten to twelve feet from the loading area into/out of the water.

10. At said time and place, Plaintiff, DEWIGHT SPIRES, while attempting to push his paddle board into the loading area, stepped onto the rebar with his right foot.

11. At said time and place the rebar pierced Plaintiff's right foot.

12. Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, breached the duty owed to Plaintiff, DEWIGHT SPIRES, as a business invitee, by committing one or more of the following acts or omissions:

a. Negligently failing to maintain or adequately maintain the loading bank/deck area and surrounding water, within its premises, by allowing the dangerous condition to exist at the time Plaintiff, DEWIGHT SPIRES, was in the area.

b. Negligently failing to inspect or adequately inspect the loading bank/deck area and surrounding water, on Defendant's premises to determine whether the dangerous condition existed at the time Plaintiff, DEWIGHT SPIRES, was in the area.

c. Negligently failing to warn or adequately warn Plaintiff, DEWIGHT SPIRES, of the dangerous condition when Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, knew or should have known of its existence and when Plaintiff, DEWIGHT SPIRES, was unaware of said dangerous condition.

d. Negligently failing to correct, or adequately correct the dangerous condition of the hidden rebar under the water when Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, knew or should have known of its existence.

    e.    Negligently failing to maintain said premises, specifically the loading bank/deck area and the surrounding water, of the Defendant's premises which caused or contributed to the existence of the dangerous condition.

    f.    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the premises for dangerous conditions.

    g.    Negligently failing to place warning signs and/or other devices within said premises to warn invitees of the dangerous condition.

    h.    Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions.

    i.    Negligently failing to follow any policy regarding the dangerous condition; and

    j.    Negligently failing to act reasonably under the circumstances.

### E. **DAMAGES**

11. As a direct and proximate result of Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE's negligence, Plaintiff, DEWIGHT SPIRES, was caused to step on hidden rebar under the water, causing Plaintiff to sustain the injuries and damages as herein alleged.

12. The specific manner in which Plaintiff, DEWIGHT SPIRES, was injured was foreseeable to Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

13. As a direct and proximate result of the negligence of Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, Plaintiff, DEWIGHT SPIRES, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, DEWIGHT SPIRES, prays for relief and asks for judgment against Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, for:

    a) Judgment against the Defendant, in such sums as shall be determined to fully and fairly compensate the Plaintiff for all

general, special, incidental and consequential damages incurred, or to be incurred, as the direct and proximate result of the acts and omissions of the Defendant, in an amount to be proven at trial; prejudgment and post judgment interest;

b) costs of suit; and attorney fees as appropriate; and

c) that the Court award the Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

d) all other relief the court deems just and proper; and,

e) Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY submitted this **11th day of June, 2023.**

_/s/ Raissa Booze_
Raissa Booze, Esq.
FBN 1000430
Morgan & Morgan, P.A.
1007 E. Silver Springs Boulevard
Ocala, FL 34470
Telephone:  (352) 644-2005
Facsimile:   (352) 644-2030
Primary email: rbooze@forthepeople.com
Secondary email: abarry@forthepeople.com
Attorney for Plaintiff